THE NORTHAMPTON LIVE STOCK INSURANCE COMPANY v. SAMUEL J. STEWART.

1. Bills of cost may be taxed and filed, after *remittitur* from the Court of Errors, and after the first day of the second term after the final judgment shall be rendered, (*Rule* 84,) if done before the record is made up by the clerk.
2. Costs of printing may be included in such taxation, in the discretion of the court.

On motion for allowance of costs of printing, in the bill of costs to be taxed and filed in the above cause.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the plaintiff, *J. F. Dumont.*

For the defendant, *B. C. Frost.*

The opinion of the court was delivered by

SCUDDER, J.  The objection made to the allowance of costs, including the costs of printing, is that it is too late.

The judgment in this court on *certiorari* was entered November 6th, 1876, as appears by the record. A writ of error was allowed January 10th, 1877, and the judgment was thereby taken to the Court of Errors and Appeals, and affirmed. Since the affirmance, there has been a *remittitur* to this court, and motion is now made for these costs.

The right to this allowance depends upon the construction of rule eighty-four of the Supreme Court, which requires that bills of cost shall be taxed and filed on or before the first day of the second term after the final judgment shall be rendered, or otherwise the record of said judgment shall be filled up with nominal costs only, and in that form be signed in the judgment-book, and no costs of increase shall be afterwards adjudged, or in anywise allowed.

The apparent stringency of this rule has been taken away by the construction put upon it. It has been held to be only intended to expedite the business of the court, and relieve the clerk from embarrassment, by authorizing him, at any time after the first day of the second term after judgment, to perfect the record by inserting six cents, or nominal costs, if the costs be not then taxed and filed, instead of leaving a blank in the record. *Bruere* v. *Britton, Spencer* 268.

The rule was not, therefore, intended as an exact limit to the recovery of costs, but for convenience. It is sufficient if the costs be filed at any time before the judgment-roll or record is made up by the clerk. If there be a writ of error allowed after judgment, as in this case, it cannot change the rule, for the successful party still has by it until the first day of the second term after final judgment, to tax and file his costs in this court. If there are errors, as it was suggested there might be, in the taxation of costs, such can be examined and remedied here by motion for re-taxation, and could not be corrected on writ of error.

It appears by the certificate of the clerk that the judgment has not yet been formally made up in this case, and the application is therefore within the construction which has been given to the rule.

In *Kinney* v. *Central R. R. Co.*, 5 *Vroom* 273, where costs were taxed under like circumstances, the defendants had no right to recover costs against the plaintiffs, who sued as administrators, in their representative capacity, and no order for judgment had been made by the court after *remittitur*. Here there has been such order, the parties are liable, and costs are recoverable.

The costs of printing are allowable in the discretion of the court, by section two hundred and eighty-five of the practice act. The defendant was sued by a foreign corporation, in a matter where he was right in refusing to pay an assessment made against him, as will appear by the judgment of the Supreme Court and the Court of Errors and Appeals, (9 *Vroom* 436 ; 10 *Vroom* 486,) and his testimony has been kept within proper limits. There is no reason why a reasonable allowance should not be made to him for these costs. The amount will be determined by the court, on application.